IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **R.S., et al.,,** | CASE NO. 3:20 CV 2791 |
| Plaintiffs, | |
| v. | JUDGE JAMES R. KNEPP II |
| **CHARMAINE WEST, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

### INTRODUCTION

Currently pending before the Court is Plaintiffs R.S. and T.H.'s Motion for Leave to File an Amended Complaint. (Doc. 77). Defendants Lucas County Children Services employees Charmaine West, Susan Hickey, Rebecca Von Sacken, and Courtney Mowery filed a response in partial opposition. (Doc. 78).

For the reasons discussed below, the Court grants in part and denies in part Plaintiffs' motion.

### BACKGROUND

Plaintiffs' First Amended Complaint contained 23 claims for relief arising out of abuse suffered by Plaintiffs while placed in foster care. (Doc. 49). As is relevant here, against West, Hickey, Von Sacken and Mowery, Claim 1 asserted a due process claim under 42 U.S.C. § 1983; Claims 2 through 4 asserted state-law negligence, negligence per se, and conspiracy; and Counts 22 and 23 asserted false imprisonment and failure to report. *See id.*

Defendants West, Hickey, Von Sacken, Mowery, Lucas County Children Services and the Board of Commissioners of Lucas County, and Board member Laura Lloyd-Jenkins filed a Motion for Judgment on the Pleadings seeking dismissal of all claims asserted against them in

the First Amended Complaint. *See* Doc. 60. In a Memorandum Opinion and Order, this Court granted that motion in its entirety. (Doc. 70). Therein, the Court found, *inter alia*, (1) the individual Defendants were entitled to qualified immunity on Plaintiffs' Fourteenth Amendment substantive due process claims; and (2) the individual Defendants were entitled to state-law statutory immunity from the Ohio law claims of negligence, negligence per se, conspiracy, false imprisonment, and failure to report. *See id.*

The Court subsequently declined to exercise supplemental jurisdiction over the remaining state law claims (against other non-moving Defendants) and dismissed them without prejudice. (Doc. 73).

Plaintiffs appealed. The Sixth Circuit Court of Appeals reversed as to the § 1983 substantive due process claim against West, Hickey, Von Sacken, and Mowery. *R.S. v. Lucas Cnty. Children Servs.*, 2022 WL 17730531 (6th Cir.). In so doing, it noted:

> Plaintiffs choose to pursue this one claim on appeal and do not challenge the district court's dismissal of their remaining claims, including their claim that LCCS's official policy or custom caused their harm. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Although Plaintiffs' statement of issues generally refers the district court's grant of immunity to "Appellees" from their § 1983 claims, Plaintiffs only assign error to the district court's dismissal of their *DeShaney* claim against the individual LCCS employees. Because issues not raised in an opening appellate brief are forfeited, *see Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019), we address only [ ] Plaintiffs' *DeShaney* claim and the district court's grant of qualified immunity to the individual LCCS employees.

*Id.* at *3 n.1.

The Proposed Second Amended Complaint seeks to reassert the § 1983 claim upon which the Sixth Circuit reversed; the state law claims against West, Hickey, Von Sacken, and Mowery; and state law claims against other Defendants that were previously dismissed without prejudice following dismissal of the federal claim. *See* Doc. 77-1.

#### STANDARD OF REVIEW

Federal Civil Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, courts freely permit a party to amend its complaint

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment....

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

#### DISCUSSION

Plaintiffs move for leave to file their Second Amended Complaint. (Doc. 77). They assert the amendment is appropriate given the Sixth Circuit's reversal. They further contend reasserting the state law claims dismissed without prejudice is appropriate now that the federal law claim remains. Finally, Plaintiffs note R.S. has reached the age of majority and thus identify him as a party plaintiff bringing his own claims.

Defendants West, Hickey, Von Sacken, and Mowery filed a response in limited opposition. (Doc. 78). They assert the Second Amended Complaint's reassertion of Claims 2-4 and 22-23 (the state law claims) against them is futile because those claims did not survive the Motion for Judgment on the Pleadings, and Plaintiffs did not appeal the dismissal of those claims. The Court agrees.

The state law claims against West, Hickey, Von Sacken, and Mowery in the proposed Second Amended Complaint mirror those asserted in the First Amended Complaint. *Compare* Doc. 49, at 20-23, 26-27 *with* Doc. 77-1, at 19-21, 24-25. The Sixth Circuit expressly noted that it would "address only [ ] Plaintiffs' *DeShaney* claim and the district court's grant of qualified

3

immunity to the individual LCCS employees" because Plaintiffs "choose to pursue this one claim on appeal *and do not challenge the district court's dismissal of their remaining claims*". 2022 WL 17730531, at *3 n.1 (emphasis added). As the court noted, "issues not raised in an opening appellate brief are forfeited". *Id.* (citing *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019)); *see also Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005) ("failure to raise an argument in [an] appellate brief [forfeits] the argument on appeal.").

By not appealing the portion of this Court's prior judgment dismissing the state law claims, Plaintiffs forfeited their right to do so. They may not now reassert them as that portion of the previously-issued final judgment stands. As such, amendment to include these claims against West, Hickey, Von Sacken, and Mowery would be futile.

As such, the Court grants Plaintiffs' motion in part and denies it in part. Plaintiffs may file their proposed Second Amended Complaint, striking Counts 2-4 and Counts 22-23 as asserted against West, Hickey, Von Sacken, and Mowery.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiffs' Motion for Leave to File their Second Amended Complaint (Doc. 77) be, and the same hereby is, GRANTED IN PART and DENIED IN PART as set forth herein; and it is

FURTHER ORDERED that Plaintiffs shall file an Amended Complaint consistent with the determination herein or before **March 17, 2023**.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE